**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

---

**No. 98-60576**

---

**CERES GULF, INC.**

                              **Plaintiff-Appellant,**

                    **v.**

**LONNIE HOUSER, SR.**

                              **Defendant-Appellee,**

---

**Appeal from the Benefits Review Board**
**(97-1522)**

---

October 6, 1999

Before JONES, DeMOSS, and DENNIS, Circuit Judges.

PER CURIAM:[*]

        Ceres Gulf, Inc. ("Ceres") appeals the Benefits Review Board's ("Board") decision affirming (1) the Administrative Law Judge's ("ALJ") award of permanent disability benefits and attorney's fees under the Longshore and Harbor Workers' Compensation Act ("LHWCA"), 33 U.S.C. §§ 901-50 (1998); (2) the ALJ's denial of section 8(f) relief under the LHWCA; and (3) the District Director's award of an attorney's fee. After hearing oral arguments and reading the briefs and administrative decisions, this court finds that there is substantial evidence supporting the Board's decision. This court, therefore, affirms.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

This court reviews a decision of the Board regarding an award of benefits under the LHWCA using the same standard of review as the Board, namely whether the award is supported by substantial evidence and is in accordance with the law.  New Thoughts Fishing Co. v. Chilton, 118 F.3d 1028, 1030 (5th Cir. 1997).

The record shows that Lonnie Houser, Sr. ("Houser") established a prima facie case that he aggravated a pre-existing condition while working for Ceres on February 24, 1995.  As a result, Houser is entitled to the section 20(a) presumption that the injury was causally related to his working conditions.  Ceres has failed to rebut this presumption.  Although Ceres relies heavily on the medical opinion of Dr. Nutik, Dr. Nutik's testimony is in fact consistent with the other medical doctors who opined that Houser aggravated a pre-existing cervical spine condition on February 24, 1995.  Given the deference this court gives to the ALJ's credibility decisions, this court affirms the granting of section 20(a) compensation.

Furthermore, this court finds that Ceres is not entitled to section 8(f) relief since Houser did not have a pre-existing permanent partial disability within the meaning of section 8(f).  As a result, this court does not reach the other issues raised by Ceres with respect to section 8(f) relief.  Since this court also finds that the attorney's fees were reasonable, this court affirms.

**AFFIRMED.**